# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

DOMINIQUE GRANT,
Plaintiff,

v.

NATIONAL AUTO
MOVERS LLC,
Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

Case No. CPU4-22-001739

Submitted: September 24, 2024
Decided: November 25, 2024

## DECISION AFTER TRIAL

**Manning, J.**

# PROCEDURAL HISTORY

This matter is before the Court on appeal *de novo* from a decision of the Justice of the Peace Court. The matter involves the unlawful towing of a vehicle. On August 2, 2022, Plaintiff/Appellant Dominque Grant ("Ms. Grant") filed a Notice of Appeal and Complaint from the Justice of the Peace Court against Defendant/Appellee, National Auto Movers LLC ("National Auto") seeking to recover $6,552.00 in damages.

Ms. Grant alleged that on or about January 19, 2020, National Auto unlawfully towed her vehicle from the corner of 5th and Market Street in Wilmington, Delaware, while it was parked in a public parking space. On January 21, 2020, Plaintiff went to National Auto's place of business to retrieve her vehicle. However, before releasing her vehicle, National Auto presented Ms. Grant with a document to sign that would release National Auto from any liability for damage done to Ms. Grant's vehicle. Ms. Grant refused to sign the document and National Auto refused to release her vehicle.

In her Complaint, Ms. Grant alleges that the unlawful towing of her vehicle cost her $200 in fees, $5,200 in legal research and $1,152 for transportation expenses.

On August 5, 2022, National Auto was served with the Notice of Appeal and Complaint. On September 29, 2022, National Auto filed an Answer to the Complaint. A non-jury trial was held on September 24, 2024. At trial, the Court heard evidence from Ms. Grant and National Auto's owner, Luis Mercado. At the conclusion of trial, the Court took this matter under advisement. This is the Court's final decision after trial.

## RELEVANT FACTS

On January 19, 2020, Ms. Grant lawfully parked her vehicle at the corner of 5th and Market Street in Wilmington. A nearby business, The Queen Theater, was holding a private event and placed barricades on the public street around their building. The Queen did not place signage on the barricades stating that public parking was unavailable at that time. Nevertheless, The Queen called the Wilmington police to inquire about towing Ms. Grant's legally parked vehicle.

The police informed the Queen that due to the event being private, it would not tow any vehicles and that the Queen would need to contact a towing company itself. This prompted The Queen to contact National Auto to tow Ms. Grant's vehicle. That same day, National Auto towed Ms. Grant's vehicle. After receiving the contact information of National Auto from The Queen, Ms. Grant called National Auto to inquire about retrieving her vehicle. During the initial phone call, a National Auto employee informed Ms. Grant that there was a $260 dollar pick-up fee plus a $50 per day storage rate.

On January 21, 2020, Ms. Grant enlisted the help of the Mayor's Office to assist with retrieving her vehicle. Ms. Grant also arrived at National Auto's lot on this same day. When Ms. Grant entered National Auto's lot, a National Auto employee requested Ms. Grant's identification and handed her a handwritten affidavit for her to sign. The affidavit stated that Ms. Grant would not hold National Auto liable for any damages as a result of Ms. Grant unlawfully parking her vehicle. Ultimately, National Auto agreed to release Ms. Grant's vehicle without cost, as a favor to the Wilmington Mayor's Office, if she agreed to sign the affidavit. Ms. Grant did not want to admit guilt for unlawfully parking or release National Auto from liability. She was however willing to pay National Auto the cost to release her vehicle. After Ms. Grant refused to sign the affidavit, she was asked to leave by the National Auto employee. Ms. Grant did just that.

3

On January 23, 2020, Ms. Grant filed a complaint with the Delaware Department of Justice. On January 24, 2020, Ms. Grant filed a Replevin action in the Justice of the Peace Court. Sometime that same day, Ms. Grant received a phone call from the owner of National Auto. The owner of National Auto refused to identify himself but requested that Ms. Grant come and pick up her car, since he believed the situation had gone on too long. Ms. Grant responded that she would not come get her car unless the expenses she incurred since not having her car were covered. The owner of National Auto refused to cover those expenses and as a result Ms. Grant said that she would only communicate with them further through the courts.

## STANDARD OF REVIEW

The plaintiff bears the burden to prove each element of their claims by a preponderance of the evidence.[1] Preponderance of the evidence exists on the side of which the greater weight of evidence is found.[2] The Court is the trier of fact, which means the Court is the sole judge of the credibility of each fact witness and any other evidence provided.[3] If there is conflicting evidence presented, the Court must reconcile the conflict.[4] If the Court is unable to reconcile the conflict, then the Court must determine which portion of the testimony holds more weight.[5]

## DISCUSSION

At the outset, it should be noted that Ms. Grant's cause of action was not clearly articulated. However, through her pleadings and testimony at trial, the Court has interpreted Ms. Grant's cause of action to be a trespass to chattels claim. The tort of trespass to chattels occurs when someone

---

[1] *Delmarva Bus. Optimization Consultants, Inc. v. Felton Automative Group, LLC*, 2023 WL 5091643, at *2 (Del. Com. Pl. 2023).
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

4

intentionally interferes with another person's use or possession of their personal property. This can include: damaging the property, taking the property, blocking access to the property, and using the property without the owner's permission. A person who commits a trespass to chattel is subject to liability to the owner if: the trespass to chattel committer dispossesses the chattel from the rightful possessor; the chattel's condition, quality, or value is impaired; or *the possessor is deprived of the use of the chattel for a substantial time.*[6]

Here, National Auto intentionally towed Ms. Grant's vehicle after The Queen contacted National Auto to remove it, something The Queen did not have a right to do. Ms. Grant was deprived of possession of her vehicle for five days; therefore, National Auto committed a trespass to chattel against Ms. Grant. Therefore, National Auto is subject to liability if Ms. Grant was deprived of the use of her chattel for a substantial time. The Court finds that Ms. Grant was deprived of her chattel, (i.e. the vehicle), for five days — a substantial period to be without one's vehicle in this day and age.

National Auto is liable for damages during the period where Ms. Grant lost the use of her vehicle. However, Ms. Grant does have a responsibility to reasonably avoid damages after the commission of a tort. "[O]ne injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort."[7] Moreover, Ms. Grant can only recover damages during the time the tort occurred. Once the period of the tort commission ends, then so does the damages period.

---

[6] State Farm Mut. Auto. Ins. Co. v. Shively, 2000 WL 33653429, at *2 (Del. CCP July 24, 2000) (quoting RESTATEMENT (SECOND) OF TORTS § 218 (1965)). (emphasis added).
[7] *Green v. Johnson*, 2024 WL 3495122, at *3 (Del. CCP. 2024) (quoting RESTATEMENT (Second) of Torts § 918(1) (1965).

Ms. Grant is attempting to recover a total $6,552.00 for the loss of use of her vehicle. Above, the Court found that National Auto is liable for depriving Ms. Grant of her vehicle, and therefore should reimburse Ms. Grant for damages that she can prove. Ms. Grant testified that the owner of National Auto called her on Friday to request that she pick up her car. Ms. Grant ultimately refused this request for her own personal reasons.

If Ms. Grant agreed to pick up her vehicle on the Friday after it was towed, that would have protected her interest in the use of her dispossessed vehicle. The Court finds that it was unreasonable to refuse the request of picking up her vehicle the Friday it was offered at no cost to her. Not only was this action unreasonable, but the Court finds that the trespass to chattels tort ended when Ms. Grant declined picking up her vehicle. The phone call ended National Auto's dispossession of Ms. Grant's vehicle, therefore ending the trespass to chattels tort.

The Court deems it appropriate that National Auto should be liable for the fees that Ms. Grant incurred during the initial towing of her car on January 19, 2020, to the call requesting she retrieve her car on January 24, 2020. Any cost that Ms. Grant incurred after this time frame could have been avoided had Ms. Grant exercised reasonable efforts to repossess her vehicle. As such, the Court finds it inappropriate for her to collect any damages incurred thereafter since the commission of the tort officially ended. Therefore, any cost that Ms. Grant incurred after January 24, 2020, will not be recoverable from National Auto.

Ms. Grant has requested $5,200 for "legal fees," such being her calculation of the time and effort she personally expended litigating this case. However, under the American Rule, which Delaware court's follow, each party in a lawsuit bears its own costs in the absence of a statutory

or contractual fee-shifting provisions.[8] Because no such provision applies here, the Court is unable to award Ms. Grant her requested legal fees.

Upon reviewing the receipts provided by Ms. Grant in Plaintiff's Exhibit 4, Ms. Grant has established Lyft charges from January 21, 2020, to January 24, totaling $123.26. Thus, the Court finds that National Auto is liable for this amount. The Court also awards Ms. Grant $135.00 in Court filing fees.

Finally, as noted above, the inconvenience of being deprived of the use of one's vehicle for five days is certainly not trivial. As compensation for this inconvenience, the Court awards Ms. Grant $150.00 per day – the approximate cost of a replacement rental vehicle — for a total of $750.00

## CONCLUSION

For the foregoing reasons, Judgment is entered in favor of Plaintiff Dominique Grant in the amount of **$1,008.26** against Defendant National Auto Movers LLC. Post judgement interest to accrue at the legal rate.

**IT IS SO ORDERED.**

Bradley V. Manning, Judge

---

[8] *See Dematteis v. RISEDELAWARE INC., et al*, 315 A.3d 499, 516 (Del. April 12, 2024).

7